# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL SLEDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 09-cv-4186 |
| | ) | |
| BELLWOOD SCHOOL DISTRICT 88 | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court are multiple motions that have been filed by the parties. Defendant has filed a motion to dismiss Plaintiff's first amended complaint [21]. Defendant's motion contends that Plaintiff's action is barred by the doctrine of *res judicata*, which generally prevents a person from litigating a case before one court and then re-litigating the case before another court, in search of a favorable outcome. The Court, construing Plaintiff's *pro se* pleading liberally, perceives eight claims in Plaintiff's amended complaint [9]. As stated below, all of the claims, except for Plaintiff's Title VII and EEOC-specific claims, must be dismissed on *res judicata* grounds.

In addition to Defendant's motion to dismiss, Plaintiff has filed two motions to amend his complaint for cause [27, 28]—the latter document is styled as a notice of motion but contains numerous allegations. The filings are difficult to decipher and appear to be unnecessary under the liberal notice-pleading standards of the Federal Rules of Civil Procedure, particularly as those rules are applied to *pro se* litigants. The federal rules do not require a plaintiff to plead legal theories—a plaintiff need only make allegations about what happened to him or her so that a defendant is on notice of the nature of the claim against it. See Fed. R. Civ. P. 8(a)(2). And a

plaintiff need do so only once, unless the complaint is defective for some reason or there is a need to add additional claims against a defendant. Only as the case moves forward (for example, to summary judgment) does a plaintiff need to put a fine point on her legal theories in order for the case to proceed to trial. The Court does not perceive in Plaintiff's motion to amend his complaint that he has added additional allegations that put Defendant on notice of anything new—indeed, the motion to amend only reinforces the conclusion that much of Plaintiff's action is barred on *res judicata* grounds. Therefore, the Court strikes Plaintiff's motions [27, 28] without the need for briefing by the parties.

As a final preliminary matter, the Court observes that Plaintiff may wish to avail himself of the assistance offered by the Pro Se Help Desk, which is located on the 20th Floor of the Dirksen Federal Building. The Help Desk is available to assist Plaintiff, should he have questions about the form of his filings, matters of court procedures, and the like.

## I. Background

Plaintiff filed this lawsuit in July 2009. His First Amended Complaint ("FAC") [9] states that in 2005 he was a school bus driver for Defendant. Plaintiff alleges that a job became vacant, that procedures that preferenced bargaining employees (like Plaintiff) were not followed in filling that job, and that because "of these above reasons plaintiff filed a complaint in the circuit court." FAC ¶¶ 1-9. Assembling the various statements within Plaintiff's filings and the attachments that Plaintiff deemed pertinent, the position for which Plaintiff applied was the "Evening Building and Grounds Coordinator." See, *e.g.*, Pl. Resp. at 8, 13 (discussing another employee who may or may not have been considered for the position; discussing Defendant's response to the EEOC Charge).[1]

---

[1] It is appropriate to consider Plaintiff's response brief in determining whether Plaintiff has pleaded himself out of court, where the response brief clarifies the nature of the allegations in the complaint. "As

After Plaintiff filed his complaint with the circuit court, he states that Defendant began to retaliate against him. Specifically, Plaintiff states that Defendant lied regarding some sort of incident involving a student: "Defendant claimed a Child coming out off [sic] the garage setting off the alarm assumed got off the bus plaintiff was driving. That same day plaintiff went to the Bellwood police department asking whether the alarm went off the officer replied no alarm went off." FAC ¶¶ 10-12. What is more, Plaintiff states that although the school district's superintendant says that Plaintiff was negligent, the superintendant was unable to say what procedures had been violated. When Plaintiff's employment was terminated, he states that no reason was provided. And when Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), Plaintiff alleges that Defendant submitted falsified documents to the EEOC. FAC ¶¶ 13-20. (In Plaintiff's EEOC charge, he repeats the allegation that he was retaliated against, although the incident that he highlights is the one that Defendant's say led to Plaintiff's dismissal—allegedly leaving a student on a school bus. See Pl. Resp. at 3.)

Plaintiff seeks damages for several wrongs based on numerous theories; construed liberally, they are as follows: First, Defendant ultimately hired "an outside applicant that breached" the employer's manual and Plaintiff seeks damages caused by that breach. Second, Defendant interfered with Plaintiff's due process rights in violation of the First and Fourteenth Amendments to the United States Constitution. Third, Defendant falsified documents to the EEOC hearing officer. Fourth, Defendant engaged in discrimination against Plaintiff in violation of Title VII of the 1964 Civil Rights Act. Fifth, Defendant tortiously interfered with a prospective business relation. Sixth, Defendant intentionally interfered with Plaintiff's

---

our decisions make clear, facts alleged in a brief in opposition to a motion to dismiss * * * as well as factual allegations contained in other court filings of a *pro see* plaintiff may be considered when evaluating the sufficiency of a complaint so long as they are consistent with the allegations of the complaint." *Gutierrez v. Peters*, 111 F.3d 1364, 1367 n.2 (7th Cir. 1997).

employment relationship.  Seventh, Defendant violated the Illinois School Code (the provision to which Plaintiff alludes is 105 ILCS 5/24-12, which pertains to "removal or dismissal of teachers in contractual continued service").  Eighth, Defendant violated the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution "regarding breach of Employer's manual * * *."

**II.     Legal Standard for Rule 12(b)(6) Motions to Dismiss**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case.  See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).  To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Svcs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 127 S.Ct. at 1965, 1973 n.14).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S.Ct. at 1969.  The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom.  See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

**III.    Analysis**

Defendant's motion to dismiss invokes the doctrine of *res judicata*, arguing that Plaintiff is re-litigating a case that he has litigated (and lost) in state court. *Res judicata* is a legal doctrine that prevents a person from litigating her dispute in one forum and then re-litigating the dispute in another forum, in search of a more favorable outcome. See, *e.g.*, *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) (no re-litigation of issues that were, or could have been, raised). The doctrine enjoys an established pedigree and advances important values. The "doctrine of *res judicata* * * * is a rule of fundamental and substantial justice, of public policy and private peace, which should be cordially regarded and enforced by the courts * * *." *Hart Steel Co. v. R.R. Supply Co.*, 244 U.S. 294, 299 (1917). In applying the doctrine, federal courts look to state preclusion law to determine whether an earlier state court action bars a later federal court action. *Allen v. McCurry*, 449 U.S. 90, 96 (1980); 28 U.S.C. § 1738. Under Illinois law, *res judicata* will bar an action where there is: (1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of causes of action; and (3) an identity of parties or their privies. *In re Liquidation of Legion Indem. Corp.*, 870 N.E.2d 829, 834 (Ill. App. Ct. 2007).

Taking up the matter of *res judicata* is not the usual course of action at the motion to dismiss phase: *Res judicata* is an affirmative defense (Fed. R. Civ. P. 8(c)), which generally cannot be raised until a motion for judgment on the pleading pursuant to Federal Rule of Civil Procedure 12(c). See *Forty One News, Inc. v. County of Lake*, 491 F.3d 662, 664 (7th Cir. 2007); Fed. R. Civ. P. 12(b) (listing seven defenses that may and must be brought before a responsive pleading is filed, which list omits *res judicata*). Nonetheless, *res judicata* may provide grounds for dismissal under Rule 12(b)(6)—failure to state a claim upon which relief can

be granted—where a plaintiff has pleaded herself out of court by establishing the facts that prove the defense. *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008) (plaintiff can plead self out of court based on *res judicata*). In *Oliver*, the Seventh Circuit cited the First Circuit's decision in *In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12 (1st Cir. 2003), as setting out the proper basis for evaluating whether a party has pled himself out of court on *res judicata* grounds. The First Circuit, in turn, has stated that a *res judicata* defense may properly be raised by Rule 12(b)(6) motion when two conditions are satisfied:

> The first condition is that the facts that establish the defense must be definitively ascertainable from the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, *and other matters of which the court may take judicial notice*. The second condition is that the facts so gleaned must conclusively establish the affirmative defense.

*In re Colonial Mortgage*, 324 F.3d at 16 (emphasis added). Critical in this case is that the Court may take notice of a document that a party filed in another court as long as that document is offered to show what was stated to the court rather for the truth of the matter asserted. *Opoka v. I.N.S.*, 94 F.3d 392, 395 (7th Cir. 1996) (citing *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1389 (2d Cir.1992) (court may take judicial notice of a complaint filed in a related state court action "to ascertain the legal nature of the claim stated in the complaint" but "not to support any factual finding in the subsequent litigation")); see also *In re Colonial Mortgage*, 324 F.3d at 19 ("matters of public record are fair game in adjudicating Rule 12(b)(6) motions"). Likewise, the Court may take judicial notice of the contents of other courts' records. See, *e.g.*, *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080-81 (7th Cir. 1997) (further observing that judicially noticeable facts provide a "narrow exception" to the rule that a district judge may not consider extrinsic materials in deciding a Rule 12(b)(6) motion unless the judge provides notice to the parties and converts the motion to summary judgment).

Defendant's motion to dismiss [21] maintains that Plaintiff is re-litigating a case that the Illinois courts already have dispensed with. Again, under Illinois law, *res judicata* will bar an action where there is: (1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of causes of action; and (3) an identity of parties or their privies. *In re Liquidation of Legion Indem. Corp.*, 870 N.E.2d at 834.

The Court concludes that all three prongs are satisfied in this case and that, because the Court properly takes judicial notice of the earlier state court orders and filings that Defendant has attached (*Opoka*, 94 F.3d at 395), the instant case is one that may be disposed of at the motion to dismiss phase (*In re Colonial Mortgage*, 324 F.3d at 16). Defendant states in its motion to dismiss that "as best as can be determined" from the First Amended Complaint, Plaintiff "alleged multiple actions related to him being rejected for the District Building and Grounds Coordinator Position in April 2006, and his subsequent dismissal from his bus driver position on July 13, 2006, for leaving a sleeping student on the bus." Def. Mot. at 1. Defendant need not have equivocated on what Plaintiff asserts in his First Amended Complaint. Plaintiff's pleading specifically links his federal court action to a prior case in the Circuit Court of Cook County: "Cause [sic] of these above reasons plaintiff filed a complaint in the circuit court." Compl. ¶ 9. And the documents that Defendant has attached to its motion to dismiss reveal that the circuit court case to which Plaintiff alludes is virtually identical to the current litigation.

In 2006, Plaintiff filed a case in the Circuit Court of Cook County against Defendant, which establishes "identity of the parties" component of *res judicata*. In that earlier case (see Def. Mem. Exhibits [23-1][2])), Plaintiff alleges that he was terminated from his employment and

---

[2] The exhibits comprise multiple state-court complaints—although the Court refers to them as a single complaint for purposes of deciding the instant motion to dismiss—along with orders by the Circuit Court of Cook County dismissing Plaintiff's case, first voluntarily and ultimately with prejudice. It is worth noting that Defendant's motion to dismiss [21] would have been granted even had Plaintiff's *second* state-

that Defendant inappropriately selected a non-bargaining employee for a job opening, which is the same allegation that appears in his federal court complaint (*e.g.*, Compl. ¶¶ 6-9). Plaintiff attached to his state-court complaint a letter from Defendant dated February 15, 2006, which indicates that Plaintiff indeed applied for the position of "Evening Building Grounds Coordinator"—the same job position at the heart of the instant litigation—but was not hired for the job [23-1 at 58]. Plaintiff also attached other documents such as the job posting for that position [see 23-1 at 28], and a letter from Plaintiff to Defendant from early February 2006, in which he states that he applied for the "Coordinator of Buildings and Grounds" position and requested a written decision on whether he would get the job [see 23-1 at 27]. Plaintiff also attached to the state-court complaint a July 13, 2006 letter from Defendant stating that Plaintiff's employment was terminated for negligence [23-1 at 61]. The other filings that Defendant has attached, many of which show that Plaintiff repeatedly filed the same documents making the same allegations, leave no doubt that Plaintiff is re-litigating the same case about his unsuccessful effort to win the job as the Evening Building Grounds Coordinator and his subsequent dismissal from Defendant's employ.

In sum, the identity of the causes of action component of *res judicata* is satisfied, even though Plaintiff adds new legal theories in his federal complaint. *Tartt v. Northwestern Community Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006) ("[T]wo claims are one for purposes of *res judicata* if they are based on the same, or nearly the same, factual allegations"); *Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 339 (7th Cir. 1995) (identity of causes of action is based on the "core of operative facts" rather than the elements of the cause of action); *Nowak v. St. Rita*

---

court dismissal been voluntary, because of Illinois' single re-filing rule. See 735 ILCS 5/13-217; *Carr v. Tillery*, 591 F.3d 909, 914 (7th Cir. 2010) (Illinois courts interpret 735 ILCS 5/13-217 to mean that a plaintiff may commence only one new action after voluntarily dismissing a case); *Flesner v. Youngs Dev. Co.*, 582 N.E.2d 720, 720-21 (Ill. 1991).

*High Sch.*, 757 N.E.2d 471, 478-79 (Ill. 2001) (employing the "transactional test" in determining identity of causes of action and explaining that the test "provides that the assertion of different kinds of theories of relief still constitutes a single cause of action for purposes of *res judicata* if a single group of operative facts gives rise to the assertion of relief").

Just as it is undisputed that the instant federal case and Plaintiff's prior state action share an identity of operative facts, it is undisputed that on October 3, 2008, Judge Martha-Victoria Diaz of the Circuit Court of Cook County dismissed Plaintiff's state-court complaint with prejudice [23-1 at 83; see also *id.* at 40 (Defendant's motion was brought pursuant to 735 ILCS 5/2-615)]. A dismissal with prejudice is a decision on the merits for *res judicata* purposes. *Rein v. David A. Noyes & Co.*, 665 N.E.2d 1199, 1204-05 (Ill. 1996) (dismissal based on 735 ILCS 5/2-615 or 2-619 is a final adjudication on the merits); ILCS S. Ct. Rule 273 (providing that, unless otherwise specified by order or statute, an involuntary dismissal is an adjudication on the merits); see also *Phillip v. Shannon*, 445 F.2d 460, 462 (7th Cir. 1971). Thus, the final-decision prong of the *res judicata* test is satisfied.

Plaintiff's response brief does not address any of Defendant's contentions, but does move to what proves to be safer ground. He states: "Plaintiff offers CHARGES OF DISCRIMINATION from ILLINOIS DEPARTMENT OF HUMAN RIGHTS. Attached for support. And a Second Amended Complaint." Pl. Resp. at 1. The next two pages of the reply brief comprise Plaintiff's EEOC discrimination charge. Then Plaintiff again states that Defendant discriminated against him "on the basics [sic] of race for having preference for considering a non black applicant intentionally breaching the employer's manual * * *." Pl. Resp. at 4.

*High Sch.*, 757 N.E.2d 471, 478-79 (Ill. 2001) (employing the "transactional test" in determining identity of causes of action and explaining that the test "provides that the assertion of different kinds of theories of relief still constitutes a single cause of action for purposes of *res judicata* if a single group of operative facts gives rise to the assertion of relief").

Just as it is undisputed that the instant federal case and Plaintiff's prior state action share an identity of operative facts, it is undisputed that on October 3, 2008, Judge Martha-Victoria Diaz of the Circuit Court of Cook County dismissed Plaintiff's state-court complaint with prejudice [23-1 at 83; see also *id.* at 40 (Defendant's motion was brought pursuant to 735 ILCS 5/2-615)]. A dismissal with prejudice is a decision on the merits for *res judicata* purposes. *Rein v. David A. Noyes & Co.*, 665 N.E.2d 1199, 1204-05 (Ill. 1996) (dismissal based on 735 ILCS 5/2-615 or 2-619 is a final adjudication on the merits); ILCS S. Ct. Rule 273 (providing that, unless otherwise specified by order or statute, an involuntary dismissal is an adjudication on the merits); see also *Phillip v. Shannon*, 445 F.2d 460, 462 (7th Cir. 1971). Thus, the final-decision prong of the *res judicata* test is satisfied.

Plaintiff's response brief does not address any of Defendant's contentions, but does move to what proves to be safer ground. He states: "Plaintiff offers CHARGES OF DISCRIMINATION from ILLINOIS DEPARTMENT OF HUMAN RIGHTS. Attached for support. And a Second Amended Complaint." Pl. Resp. at 1. The next two pages of the reply brief comprise Plaintiff's EEOC discrimination charge. Then Plaintiff again states that Defendant discriminated against him "on the basics [sic] of race for having preference for considering a non black applicant intentionally breaching the employer's manual * * *." Pl. Resp. at 4.

Defendant expressly states that its *res judicata* defense is not raised against Plaintiff's Title VII case. Def. Reply at 3. Accordingly, the Court grants Defendant's motion to dismiss in part: still viable are the Title VII and EEOC claims in Plaintiff's complaint, which Defendant's reply brief clarifies were not targeted by the latter's motion to dismiss. The non-EEOC and non-Title VII claims are barred by the doctrine of *res judicata*.

**IV.   Conclusion**

For the reasons set forth above, Defendant's motion to dismiss [21] is granted in part. On its own motion, the Court strikes Plaintiff's motion for leave to amend [27, 28].

Dated: April 20, 2010

_____
Robert M. Dow, Jr.
United States District Judge