**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SAMUEL SLEDGE | ) | |
| | ) | |
| Plaintiff, | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| v. | ) | |
| | ) | Case No. 09-cv-4186 |
| BELLWOOD SCHOOL DISTRICT 88 | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is a motion for summary judgment [61] filed by Plaintiff Samuel Sledge ("Plaintiff") and a motion to strike pursuant to Rule 11 of the Federal Rules of Civil Procedure [77]. For the reasons explained below, Plaintiff's motion for summary judgment [61] and his motion to strike [77] are both respectfully denied.

**I.     Motion for Summary Judgment**

Plaintiff, who is *pro se*, filed this lawsuit in July of 2009 [1] and filed an amended complaint [9] on September 15, 2009. Plaintiff was formerly employed as a school bus driver with Defendant, and this lawsuit arises out of his employment with and termination from employment with Defendant. Construing Plaintiff's amended complaint liberally, the Court interpreted the amended complaint as asserting eight separate claims. (See [32] at 1). On April 20, 2010, the Court granted Defendant's motion to dismiss all of Plaintiff's claims except his Title VII claims of race-based discrimination and retaliation. *Id*. at 9-10.

**A.     Plaintiff's Failure to Properly Support his Motion with Evidence**

Plaintiff initially attempted to file the instant motion for summary judgment on December 6, 2010 [see 53]. However, at the January 20, 2011 notice of motion hearing, the Court struck

1

Plaintiff's motion for failing to conform to the Northern District of Illinois local rules that pertain to motions for summary judgment. See [59]; N.D. Ill. L.R. 56.1. At that hearing, the Court explained that parties who filed motions for summary judgment were required to comply with these rules, and were required to support their motions with evidence. The Court reminded Plaintiff (as it also did in its previous opinion (See [32] at 2)) that the Pro Se Help Desk could assist Plaintiff in preparing his motion and ensuring that his filings were in conformance with court rules and procedures.

The instant motion [61] represents Plaintiff's second attempt to move for summary judgment. With leave of Court (see [64]), Plaintiff filed his L.R. 56.1 statement of facts approximately one month after filing his opening brief. [68]. Of the 38 separate statements that Plaintiff included in his statement of facts, only one is supported by a reference to supporting materials. That one reference is to an affidavit from a customer in a local barber shop who claims to have heard someone else make a statement to the Plaintiff that Plaintiff claims supports his case. Plaintiff did not attach this affidavit (or any other exhibits, affidavits, or supporting material of any kind) to his statement of facts.[1]

Unlike allegations made in a complaint, assertions of fact made in a motion for summary judgment (or a response thereto) must be supported by evidence. See Fed. R. Civ. P. 56(c). Accordingly, the Northern District of Illinois requires the party moving for summary judgment (here, Plaintiff) to submit a separate "statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." Northern District of Illinois Local Rule ("L.R.") 56.1(a)(3). This rule requires the moving

---

[1] Plaintiff did attach 15 pages of exhibits to his motion for summary judgment [61] and 22 pages of material to his reply brief. Plaintiff does not cite to any of these exhibits in his statement of facts. The Court will discuss these exhibits in more detail below.

party to set forth the facts that support his motion in a series of "short numbered paragraphs." L.R. 56.1(a). In turn, each statement of fact must point to "specific references to the affidavit, parts of the record, and other supporting materials" that prove the fact to be true. *Id.* Put another way, L.R. 56.1 requires that statements of facts contain allegations of material fact and that factual allegations be supported by admissible record evidence. See L.R. 56.1; *Malec v. Sanford*, 191 F.R.D. 581, 583–85 (N.D. Ill. 2000). Where a party has offered a legal conclusion or a statement of fact without offering proper evidentiary support, the Court cannot consider that statement. See, *e.g.*, *Malec*, 191 F.R.D. at 583. "Although the types of evidentiary material available to support a statement of facts are innumerable, the most common include affidavits, deposition transcripts, and business documents." *Malec*, 191 F.R.D. at 584. What all this means is that the Court cannot merely take Plaintiff at his word that his factual assertions are true and indisputable; rather, he must properly prove them.

The Seventh Circuit repeatedly has confirmed that a district court has broad discretion to require strict compliance with L.R. 56.1. See, *e.g.*, *Koszola v. Bd. of Educ. of the City of Chicago*, 385 F.3d 1104, 1109 (7th Cir. 2004); *Curran v. Kwon*, 153 F.3d 481, 486 (7th Cir. 1998) (citing *Midwest Imports, Ltd. v. Coval*, 71 F.3d 1311, 1317 (7th Cir. 1995) (collecting cases)). The Court has given *pro se* Plaintiff much leeway in this litigation, and has (as it must) construed his filings liberally. That said, *pro se* litigants are not "free to ignore procedural rules." *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008). Nor are *pro se* litigants free to ignore Federal Rule of Civil Procedure 56, which requires assertions of fact made in a motion for summary judgment to be supported by evidence. Fed. R. Civ. P. 56(c). Because Plaintiff has failed to comply with L.R. 56.1 and Federal Rule of Civil Procedure 56, his motion for summary judgment is denied.

### B. Plaintiff's Claims of Discrimination and Retaliation

As noted above, Plaintiff did attach 15 pages of exhibits to his motion for summary judgment [61], and made reference to a number of these exhibits in the body of his motion. Plaintiff also attached 22 pages of exhibits to his reply brief. Despite Plaintiff's failure to comply with this District's rules with regard to how evidence in support of a motion for summary judgment is to be submitted (L.R. 56.1), the Court has considered these exhibits along with Plaintiff's memorandum and reply brief. Nothing in Plaintiff's papers changes the conclusion that his motion for summary judgment should be denied.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether there is a genuine issue of fact, the Court "must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party." *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

As a Title VII plaintiff alleging racial discrimination, it is initially Plaintiff's burden to prove that Defendant has discriminated against him. Plaintiff can prove this under either the "direct or indirect method." *Montgomery v. American Airlines, Inc.*, 626 F.3d 328, 393 (7th Cir. 2010). Under the direct method, Plaintiff must provide "direct evidence of—or sufficient circumstantial evidence to allow an inference of—intentional racial discrimination." *Id.* "The indirect method of proof requires [Plaintiff] to introduce evidence demonstrating four elements to establish a prima facie case * * * on his racial discrimination claim: (1) that he was a member

of a protected class, (2) that he was performing his job satisfactorily, (3) that he suffered an adverse employment action, and (4) that [Defendant] treated a similarly situated individual outside [Plaintiff's] protected class more favorably." *Id.* at 394. Once a plaintiff puts forth evidence to establish a *prima facie* case of discrimination, the burden shifts to the defendant to articulate legitimate, nondiscriminatory reasons for the actions taken against him. See, *e.g. Wyninger v. New Venture Gear, Inc.*, 361 F.3d 965, 978-79 (7th Cir. 2004). Under both methods it is initially Plaintiff's burden to introduce evidence that shows that he was the victim of discrimination.

Plaintiff has provided no direct evidence of race discrimination. "Caselaw establishes that direct proof of discrimination is relatively difficult to adduce." *Stanus v. Perry*, 2007 WL 257679, at *3 (N.D. Ill. Jan. 25, 2007). In this regard, the Seventh Circuit has defined direct evidence in the employment law context as evidence which, if believed by the trier of fact, will prove the particular issue in question without reliance on inference or presumption. See, *e.g., Rogers v. City of Chicago*, 320 F.3d 748, 753 (7th Cir. 2003). The Seventh Circuit has repeatedly counseled that "[d]irect evidence usually requires an admission by the decisionmaker that his actions were based on" the illicit decision-making criterion. *Balderson v. Fairbanks More Engine Div. of Coltec Indus.,* 328 F.3d 309, 321 (7th Cir. 2003); see also *Rogers*, 320 F.3d at 753 (stating that direct evidence "essentially requires an admission by the decision-maker that his actions were based on the prohibited animus.") (internal quotation marks and citation omitted). The Seventh Circuit has explained that evidence of this sort is exemplified by statements such as "'I fired you because of your age'" or because of another illicit decision-making criterion. *Robin v. Expo Eng'g Corp.,* 200 F.3d 1081, 1088 (7th Cir. 2000) (citation omitted); accord, *e.g., Castleman v. ACME Boot Co.,* 959 F.2d 1417, 1420 (7th Cir.

1992) (teaching that direct evidence will "rarely" be found). Again, no evidence approaching this type of evidence is present in the record.

With regard to the indirect method, Defendant admits that Plaintiff is a member of a protected class (he is African American) and that he suffered an adverse employment action when his employment was terminated. (Def. Statement of Additional Facts [72] ("Def. SOAF") at ¶¶ 9-11). However, the second and fourth elements of the test are hotly contested. Indeed, Defendant maintains that the individual hired for the job that Plaintiff alleges was denied to him on the basis of his race (Evening Building and Grounds Coordinator) was filled by an applicant who was also an African American man. (Def. Resp. at 5-6; Def. SOAF at ¶¶ 5-6). Defendant has adduced evidence (including business records and a sworn affidavit from Defendant's Director of Personnel and Human Resources) to prove the foregoing. *Id.*[2] Furthermore, Defendant presents evidence that Plaintiff was not qualified to fill the position of Evening Building and Grounds Coordinator. (Def. Resp. at 5-6; Def. SOAF at ¶¶ 2-6). Accordingly, Plaintiff has failed to prove a *prima facie* case of race-based discrimination. *Montgomery*, 626 F.3d at 393.

To the extent that Plaintiff also is arguing that his termination as bus driver was retaliation for some other act, Plaintiff has failed to prove this claim. Plaintiff's amended complaint (at ¶ 10) alleges that he suffered "retaliation" and Plaintiff checked the box for

---

[2] For his part, Plaintiff argues in his reply that Mr. Crowell (the African American candidate hired for the position) was hired as an attempt "to hide discrimination for giving preference to the real white applicant." (Pl. Reply at 3). Plaintiff adduces no evidence to support this statement, and does not disagree that Mr. Crowell was the individual who was actually hired for the position in question.

"retaliation" on his EEOC complaint form.³ However, Plaintiff's motion for summary judgment does not focus on this theory. In fact, no where in his papers does Plaintiff argue that his termination was retaliation for some other act.

Regardless, the Court will write briefly about any retaliation-based arguments that Plaintiff made or intended to make. Title VII makes it unlawful for any employer to discriminate against an employee for opposing a practice made unlawful by the Act. 42 U.S.C. § 2000e-3(a). To prove a case of retaliation, a plaintiff must show: (1) he engaged in statutorily protected expression; (2) he suffered an adverse action at the hands of her employer; and (3) there was a causal link between the two. *Fine v. Ryan Int'l Airlines*, 305 F.3d 746, 752 (7th Cir. 2002) (citing *Dey v. Colt Constr. & Dev. Co.,* 28 F.3d 1446, 1457 (7th Cir. 1994)); see also *Firestine v. Parkview Health System, Inc.*, 388 F.3d 229, 233 (7th Cir. 2004). Accordingly, in order to prevail on a Title VII retaliation claim, Plaintiff must establish an initial act, protected by Title VII, as the basis for his claim.

The only thing in the record that the Court can imagine Plaintiff might argue as the basis of a retaliation claim is the filing of his complaint in the circuit court. (See Mem. Op. [32] at 3) ("After Plaintiff filed his complaint with the circuit court, he states that Defendant began to retaliate against him."). But the state court complaint was based only on the denial of Plaintiff's union rights, and not based on any prohibited activity covered by Title VII, such as racial discrimination. (See Def. Resp. to Pl. SOF [71] at ¶ 38, Def. Ex. 2); 42 U.S.C. § 2000e-2(a); *Thompson v. North American Stainless, LP*, 131 S.Ct. 863, 868 (2011) ("'Title VII prohibits discrimination on the basis of race, color, religion, sex, and national origin"). Accordingly, the

---

[3] Incidentally, Plaintiff also checked the box for sex–based discrimination on his EEOC complaint. However, in this lawsuit, Plaintiff has never maintained that he was discriminated against on the basis of his sex. (In any event, Plaintiff is a male, as is the person who filled the job that Plaintiff desired).

filing of this complaint cannot form the basis of a Title VII retaliation claim. *Fine*, 305 F.3d at 752-53.

## II. Motion to Strike

Plaintiff has also filed what he titles his "Motions for Rule 11 Federal Rule of Civil Procedure." [71]. In the body of the motion, Plaintiff asks that various papers filed and signed by Defendant's attorney be stricken. Plaintiff correctly asserts "[t]hat papers filed by unrepresented party (sic) must be signed by the party, not the opposing Attorney." *Id.* at ¶ 2 (citing Fed. R. Civ. Proc. 11(a)).

But Plaintiff is mistaken referring to Defendant as an "unrepresented" party. Four attorneys from two separate law firms have filed appearances for Defendant. See [10, 13, 17, 18]. Rule 11 allows an "attorney of record" to sign court filings on behalf of their clients, which is what has occurred here. Fed. R. Civ. Proc. 11(a). Accordingly, Plaintiff's motion [71] is respectfully denied.

## III. Conclusion

For the reasons explained above, Plaintiff's motion for summary judgment [61] and his motion to strike [77] are both respectfully denied.

Dated: June 17, 2011

Robert M. Dow, Jr.
United States District Judge