Case: 1:09-cv-04186 Document #: 108 Filed: 02/13/12 Page 1 of 9 PageID #:644

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SAMUEL SLEDGE | ) | |
| | ) | |
| Plaintiff, | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| v. | ) | |
| | ) | Case No. 09-cv-4186 |
| BELLWOOD SCHOOL DISTRICT 88 | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's motion for summary judgment [101] and Plaintiff's motions for a motion for direct verdict [96], motion for directed verdict [98], motion to dismiss [99], and motion to dismiss Defendant's summary judgment motion [105]. Plaintiff, who is *pro se*, filed this lawsuit in July of 2009 [1] and filed an amended complaint [9] on September 15, 2009. Plaintiff was formerly employed as a school bus driver with Defendant, and this lawsuit arises out of his employment with and termination from employment with Defendant. Construing Plaintiff's amended complaint liberally, the Court interpreted the amended complaint as asserting eight separate claims. (See [32] at 1). On April 20, 2010, the Court granted Defendant's motion to dismiss all of Plaintiff's claims except his Title VII claims of race-based discrimination and retaliation on *res judicata* grounds. *Id*. at 9-10. On June 17, 2011, the Court denied Plaintiff's motion for summary judgment [83], and again reminded Plaintiff that the Pro Se Help Desk could assist Plaintiff in preparing his motion and helping to ensure that his filings were in conformance with court rules and procedures.

1

Plaintiff then filed a motion for direct verdict [96], a motion for directed verdict [98] pursuant to Federal Rule of Civil Procedure 50, and a motion to dismiss [99]. Defendant responded by filing a motion for summary judgment [101], and Plaintiff filed a motion to dismiss summary judgment [105]. For the reasons explained below, Defendant's motion [101] is granted and Plaintiff's motions [96, 98, 99, 105] are respectfully denied.

I.   **Background**

The following facts are undisputed or have been deemed admitted pursuant to Local Rule 56.1(b).[1] Defendant Bellwood School District 88 ("Bellwood") is a kindergarten through eighth grade school district located in Illinois. Plaintiff Samuel Sledge, who is African American, was hired by Bellwood as a bus driver on August 29, 2005. During the 2005-2006 school year, a job opened up for the Evening Building and Grounds Coordinator after Ray Zaabel retired. The job description listed the position's essential duties and responsibilities, which included fifteen job duties related to custodial and building maintenance functions.

On January 20, 2006, Plaintiff submitted an application for the position, and included his resume, high school diploma, and other documents in his application. Plaintiff's resume did not indicate any prior experience performing custodial or building maintenance functions or any prior employers. Sledge listed his skills related to the job as "Communicating with the appropriate chain of command, assuring daily all codes

---

[1] The Court takes the relevant facts primarily from Defendants' statement of facts ("Def. SOF")[103]. Because Plaintiff failed to file a response to Defendants Statement of Facts pursuant to L.R. 56.1(b), "all materials set forth in the statement required of the moving party will be deemed admitted." L.R. 56.1(b); see also *Arns v. U.S.*, 2001 WL 522421, *1 ("A district court may strictly apply Rule 56.1(b) and consider a party who fails to submit such a statement as having admitted the controverted facts alleged in the opposing party's Rule 56.1(a) statement.).

2

regulation & sanitations are in compliance and repaired. Diploma St. Phillips High School." He listed his work experience and education as, "Mystique Barber Schools, Molar Beauty and Winslow Beauty supplies and Institutional Administrator, Coyne Institute of Trade, Institutional Administrative Certification from the U.S. Dept. of Education." Previously, on January 9, 2006, Joe Crowell submitted an application for the evening grounds coordinator position, including a cover letter and resume. Crowell, who is also an African American male, had been a custodian at the Bellwood Building and Grounds Department for six years. He also had previous building maintenance experience from 1983 to 1994.

Janiece Jackson, the Bellwood Human Resources Director at the time, interviewed all of the candidates for the evening coordinator position, including both Plaintiff and Crowell. After the interviews, Jackson decided that Crowell was qualified for the position and Plaintiff was not. She offered Crowell the job, which he started in May 2006. According to Jackson, who is also African American, race was not a factor in selecting the new evening coordinator. On May 4, 2006, Plaintiff filed a complaint against Bellwood in the Circuit Court of Cook County to compel arbitration on the basis of the denial of his union rights.

On June 2, 2006, Plaintiff and his bus assistant, Rhonda Rhodes, were suspended without pay pending a disciplinary hearing regarding an allegation that they left a sleeping student on the school bus after completing the afternoon route. Four days later Plaintiff received a disciplinary hearing at which he was allowed to submit evidence and provide testimony. On June 26, 2006, a summary of the hearing was presented to the Board of Education, and the Board authorized Plaintiff's termination effective June 30,

3

2006. In his complaint, Plaintiff argues that he was fired in retaliation for filing a complaint in the circuit court after he was not given the evening coordinator job in violation of union rules.

## II. Standard of Review

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (a). In determining whether there is a genuine issue of fact, the Court "must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party." *Foley v. City of Lafayette, Ind.*, 359 F.3d 925, 928 (7th Cir. 2004). To avoid summary judgment, the opposing party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal quotation marks and citation omitted).

A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is proper against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be

insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

### III. Analysis

#### A. Defendant's Motion for Summary Judgment

Defendant argues that it is entitled summary judgment because Plaintiff has failed to establish any genuine dispute as to the material facts that Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.*, when Plaintiff was not offered a job as the evening coordinator and his job was terminated in retaliation for a lawsuit he filed against the Defendant in the Circuit Court of Cook County.

##### 1. Race Discrimination

As a Title VII plaintiff alleging racial discrimination, it is initially Plaintiff's burden to prove that Defendant has discriminated against him. Plaintiff can prove this under either the "direct or indirect method." *Montgomery v. American Airlines, Inc.*, 626 F.3d 328, 393 (7th Cir. 2010). Under the direct method, Plaintiff must provide "direct evidence of—or sufficient circumstantial evidence to allow an inference of—intentional racial discrimination." *Id.* "The indirect method of proof requires [Plaintiff] to introduce evidence demonstrating four elements to establish a prima facie case * * * on his racial discrimination claim: (1) that he was a member of a protected class, (2) that he was performing his job satisfactorily, (3) that he suffered an adverse employment action, and (4) that [Defendant] treated a similarly situated individual outside [Plaintiff's] protected class more favorably." *Id.* at 394. Once a plaintiff puts forth evidence to establish a *prima facie* case of discrimination, the burden shifts to the defendant to articulate legitimate, nondiscriminatory reasons for the actions taken against him. See, *e.g.*

*Wyninger v. New Venture Gear, Inc.*, 361 F.3d 965, 978-79 (7th Cir. 2004).  Under both methods it is initially *Plaintiff's* burden to introduce evidence that shows that he was the victim of discrimination.

Plaintiff has provided no direct evidence of race discrimination.  "Caselaw establishes that direct proof of discrimination is relatively difficult to adduce." *Stanus v. Perry*, 2007 WL 257679, at *3 (N.D. Ill. Jan. 25, 2007).  In this regard, the Seventh Circuit has defined direct evidence in the employment law context as evidence which, if believed by the trier of fact, will prove the particular issue in question without reliance on inference or presumption.  See, *e.g., Rogers v. City of Chicago*, 320 F.3d 748, 753 (7th Cir. 2003). The Seventh Circuit has repeatedly counseled that "[d]irect evidence usually requires an admission by the decisionmaker that his actions were based on" the illicit decision-making criterion.  *Balderson v. Fairbanks More Engine Div. of Coltec Indus.,* 328 F.3d 309, 321 (7th Cir. 2003); see also *Rogers*, 320 F.3d at 753 (stating that direct evidence "essentially requires an admission by the decision-maker that his actions were based on the prohibited animus.") (internal quotation marks and citation omitted).  The Seventh Circuit has explained that evidence of this sort is exemplified by statements such as "'I fired you because of your age'" or because of another illicit decision-making criterion.  *Robin v. Expo Eng'g Corp.,* 200 F.3d 1081, 1088 (7th Cir. 2000) (citation omitted); accord, *e.g., Castleman v. ACME Boot Co.,* 959 F.2d 1417, 1420 (7th Cir. 1992) (teaching that direct evidence will "rarely" be found).  Again, no evidence approaching this type of evidence is present in the record.

With regard to the indirect method, Defendant admits that Plaintiff is a member of a protected class (he is African American) and that he suffered an adverse employment

6

action (termination).  In regard to the second and fourth elements, however, Defendant argues that Plaintiff has failed to produce any evidence that he was qualified for the position or that a similarly situated non-class member was treated more favorably than he.  The Court agrees.  Defendant presented evidence that Plaintiff was not qualified to fill the position of Evening Building and Grounds Coordinator.  Specifically, Plaintiff's resume was devoid of any prior experience in custodial or building maintenance functions or relevant skills, whereas Crowell, the man whom Defendant ultimately hired for the evening coordinator position, had been a custodian working for Bellwood for 6 years and had previous building experience from 1983-1994.  Furthermore, like Plaintiff, Crowell is an African American man.  Because Plaintiff was not qualified for the position and the poison was filled with another African American male in any event, Plaintiff has failed to prove a *prima facie* case of race-based discrimination.  *Montgomery*, 626 F.3d at 393.

### 2. Retaliation

Title VII makes it unlawful for any employer to discriminate against an employee for opposing a practice made unlawful by the Act.  42 U.S.C. § 2000e-3(a).  To prove a case of retaliation, a plaintiff must show: (1) he engaged in statutorily protected expression; (2) he suffered an adverse action at the hands of her employer; and (3) there was a causal link between the two.  *Fine v. Ryan Int'l Airlines*, 305 F.3d 746, 752 (7th Cir. 2002) (citing *Dey v. Colt Constr. & Dev. Co.,* 28 F.3d 1446, 1457 (7th Cir. 1994)); see also *Firestine v. Parkview Health System, Inc.*, 388 F.3d 229, 233 (7th Cir. 2004).  Accordingly, in order to prevail on a Title VII retaliation claim, Plaintiff must establish an initial act, protected by Title VII, as the basis for his claim.

Defendant argues that Plaintiff is unable to establish a case for Title VII retaliation because the alleged basis of his retaliation claim is the filing of a lawsuit in the Circuit Court of Cook that was not based on any prohibited activity covered by Title VII. The Court agrees. Plaintiff alleges in his Amended Complaint that "[t]he retaliation began after plaintiff filed the complaint in the court." But the state court complaint was based only on the denial of Plaintiff's union rights, and not based on any prohibited activity covered by Title VII, such as racial discrimination. 42 U.S.C. § 2000e-2(a); *Thompson v. North American Stainless, LP*, 131 S.Ct. 863, 868 (2011) ("Title VII prohibits discrimination on the basis of race, color, religion, sex, and national origin"). Accordingly, the filing of this complaint also cannot form the basis of a Title VII retaliation claim. *Fine*, 305 F.3d at 752-53.

### B. Plaintiff's Motions

Plaintiff filed a motion for direct verdict [96], a motion for directed verdict pursuant to Federal Rule of Civil Procedure 50 [98], a motion to dismiss [99], and a motion to dismiss Defendant's summary judgment motion [105]. Because the Court now grants Defendant's motion for summary judgment [101] on Plaintiff's discrimination and retaliation claims, Plaintiff's motions [96, 98, 99, 105] are denied as moot. Finally, the Court notes that, contrary to Plaintiff's assertion, the Court does have jurisdiction to hear all of motions currently before the Court, as this action arises under 42 U.S.C. § 2000e *et. seq*. and is properly before this Court under 28 U.S.C. §§ 1331 and 1343.

**IV.     Conclusion**

For the foregoing reasons, Defendant's motion [101] is granted and Plaintiff's motions [96, 98, 99, 105] are respectfully denied. A final judgment will be entered in a separate document pursuant to Federal Rule of Civil Procedure 58.

Dated:  February 13, 2012

_____
                         Robert M. Dow, Jr.
                         United States District Judge

9