# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 4186 | **DATE** | 5/2/2012 |
| **CASE TITLE** | Sledge vs. Bellwood School District 88 | | |

**DOCKET ENTRY TEXT**

For the reasons below, Plaintiff's motion to vacate the judgment [110] is denied.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Before the Court is Plaintiff's motion to vacate [110] the Court's February 13, 2012 Order and Opinion [108]. The court may alter or amend a judgment under Federal Rule of Civil Procedure 59(e) when the movant "clearly establish[es]" that "there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). In regard to the "manifest error" prong, the Seventh Circuit has elaborated that a motion to reconsider is proper only when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Bordelon v. Chicago School Reform Bd. Of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000). Because the standards for reconsideration are exacting, our court of appeals has stressed that issues appropriate for reconsideration "rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee*, 906 F.2d at 1191.

FN1: While Plaintiff styles his motion as a motion to vacate, the Court will treat it as a Rule 59(e) motion to alter or amend.

Here, Plaintiff's motion rehashes the same arguments that he made in his previous briefs. The Court addressed these issues in full in its February 13 Order and will not revisit them now. The Court does reiterate, however, that contrary to Plaintiff's assertion, the Court does have jurisdiction to hear all of motions that were and currently are before the Court, as this action arises under 42 U.S.C. § 2000e *et. seq*. and is properly before this Court under 28 U.S.C. §§ 1331 and 1343. [108 at 8]. Furthermore, as the Court noted in its February 13 Order, because Plaintiff failed to file a response to Defendant's statement of facts, all of the facts submitted by Defendant were

**STATEMENT**

deemed admitted under Local Rule 56.1(b). See *Arns v. U.S.*, 2001 WL 522421, at *1 (N.D. Ill. Mar 30, 2001). Had Plaintiff followed the rules, he could have attempted to challenge or controvert those facts. See *Pearle Vision, Inc.* v. *Romm,* 541 F.3d 751, 758 (7th Cir. 2008) (noting that courts are "required to give liberal construction to pre se pleadings" but "pro se litigants are not excused from compliance with procedural rules.") But having failed to do so—despite having (1) been served with a Local Rule 56.2 statement [103,104], clearly advising him of his responsibilities in opposing a motion for summary judgment, and (2) the Court's multiple suggestions to visit the Pro Se Help desk [63, 84, 104]—he cannot now dispute the facts on the record. Finding no reason to revisit the pertinent recitation of the facts nor any other aspect of the disposition as set forth in the Court's February 13 Order, Plaintiff's motion to vacate [110] is denied.